UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

CLAY LEE JONES, on behalf of himself and all
others similarly situated,

                       Plaintiff,

                -against-

HENRIK VIBSKOV AMERICAS, INC.,

                   Defendant.

---------------------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED:__12/22/2025__ |

25-CV-5516 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

      WHEREAS Plaintiff initiated this action on July 3, 2025, alleging that Defendant owns and operates a website (www.henrikvibskovboutique.com) (the "Website"), and that such website is not accessible to visually impaired individuals in violation of the Americans with Disabilities Act and the New York City Human Rights Law, *see* Dkt. 1;

      WHEREAS on November 12, 2025, the Court scheduled an initial pretrial conference ("IPTC") for Friday, December 12, 2025, *see* Dkt. 15;

      WHEREAS Defendant was present at the IPTC on Friday, December 12, 2025;

      WHEREAS Plaintiff failed to appear at the IPTC on Friday, December 12, 2025;

      WHEREAS Plaintiff did not request an adjournment of the conference or provide notice to either the Court or Defendant that he would not appear at the December 12, 2025, IPTC;

      WHEREAS when the Court called Plaintiff's counsel following his failure to appear as scheduled on December 12, 2025, counsel reported that he had fallen ill the day prior;

      WHEREAS when the Court inquired what due diligence counsel had performed before filing this lawsuit, counsel reported that "another attorney" had done the "background work on

the websites," and that that the "investigation [was] done before the file [came] to [his] desk," *see* Tr. of Dec. 12, 2025, at 4:12–25;

WHEREAS on December 12, 2025, the Court ordered that Plaintiff show cause why he should not be sanctioned for the cost of one (1) hour of Defendant counsel's time to be paid to Defendant due to his failure to appear at the IPTC, *see* Dkt. 22;

WHEREAS on December 12, 2025, the Court also ordered that Plaintiff's counsel, Mr. Rami Salim, submit to the Court a letter explaining (i) his understanding of his obligation under Federal Rule of Civil Procedure 11 that an attorney conduct a "reasonable" inquiry to ensure that "the factual contentions [in a pleading] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," *see* Fed. R. Civ. P. 11(b)(3); (ii) what steps he took to ensure that Defendant was the proper party to be named in this lawsuit; and (iii) whether, per Rule 11(b), his investigation as to the proper defendant to be named in this lawsuit was "reasonable under the circumstances," *see* Dkt. 22;

WHEREAS later on Friday, December 12, 2025, Plaintiff voluntarily dismissed this action, *see* Dkt. 21; and

WHEREAS on Wednesday, December 17, 2025, Plaintiff's counsel filed a letter with the Court as required by the Court's December 12, 2025, order, *see* Dkt. 23;

IT IS HEREBY ORDERED that Mr. Salim is SANCTIONED for the cost of one (1) hour of defense counsel's time. This sanction is assessed against counsel personally, not against Plaintiff. *See* Fed. R. Civ. P. 16(f)(2). In short, the Court finds that Mr. Salim's failure to attend the IPTC – or to properly request an adjournment of the conference or provide notice to either the Court or Defendant that he would not appear at the IPTC – in contravention of the Court's November 12, 2025, order, was not substantially justified, nor are there other circumstances that make the sanction unjust. Coming down with an illness (of seemingly mild severity) the day

before a court date is, quite simply, not a good reason to disregard a court order, nor does it explain why Mr. Salim failed, at a minimum, to request that the IPTC be rescheduled or to notify the Court or Defendant's attorney that the IPTC was no longer necessary because Plaintiff had decided to dismiss the case.  This is especially true considering that Defendant purportedly informed Plaintiff that it was not the correct party to the lawsuit weeks before the IPTC, *see* Dkt. 19, and Plaintiff only filed a notice of dismissal following the conclusion of the IPTC, *see* Dkt. 21.  Defense counsel is ordered to promptly inform Mr. Salim of his normal hourly billing rate, and Mr. Salim is ordered to remit payment to Defendant in compliance with this order not later than **Wednesday, December 31, 2025**, and to note that the payment has been remitted via a filing on ECF.

IT IS FURTHER ORDERED that the Court will hold in abeyance any sanction pursuant to Fed. R. Civ. P. 11 against Mr. Salim for **one (1) year**.  During the IPTC, Mr. Salim indicated that he had done virtually no investigation of his own and had relied on others in his office to determine the appropriate defendant in this case, stating that "it's another attorney that does the background work on the websites," and that "there's an investigation done before the file comes to [his] desk, and when [he] file[s] a case, [he is] under the impression and under the knowledge . . . that [he] is suing the correct entity."  Tr. of Dec. 12, 2025, at 4:15–25.  Mr. Salim's letter to the Court tells a different story.  The letter suggests that Mr. Salim himself conducted a "pre-filing review" that included "follow[ing] the consumer facing path," evaluating the website at issue, and assessing "[a] prior lawsuit in this District from 2019" that also listed the website as belonging to Defendant.  Dkt. 23 at 2.  While the letter's version of events, if true, is marginally more defensible than the account Mr. Salim provided during the IPTC, neither is particularly compelling for purposes of counsel's obligations under Rule 11, and any research that Mr. Salim (or someone else at his firm) conducted as to the proper defendant can be described as, at best, cursory.  The Court urges that counsel conduct a more robust investigation

3

before filing future lawsuits – or, at the very least, ensure that a more fulsome diligence assessment has been performed before signing his name to pleadings on behalf of clients.

Nonetheless, given Plaintiff's prompt dismissal of the lawsuit following the IPTC and the absence of ongoing prejudice to an improperly named defendant, the Court will not impose sanctions pursuant to Rule 11 at this time.  If, however, Mr. Salim has another similarly ill-researched filing before this Court in the next 12 months, the Court will reconsider whether sanctions should be imposed.

SO ORDERED.

Date:   December 22, 2025
        New York, NY

_____
        VALERIE CAPRONI
        United States District Judge